## MOSES CLARK vs. ALBERT BAKER.

A. purchased of B. a cargo of yellow and white corn on board B.'s schooner, the quantity not being known, and agreed to pay one sum per bushel for the yellow and another sum per bushel for the white; B. warranting it to be of a certain quality: A. paid B. $ 1200, "on account of corn per schooner:" The schooner was hauled to A.'s wharf, and he took therefrom and put into his warehouse a part of the corn, and then refused to receive any more, because the residue was not such as B. had warranted it to be, and immediately gave notice to B. that he would receive no more of the cargo, and requested B. to take the schooner away : The corn thus taken by A. amounted, at the agreed price per bushel, to $ 1067; and A. sued B., in an action for money had and received, to recover back the difference between that sum and $ 1200. *Held,* that the contract was entire, and that the action could not be maintained; that A. might have rescinded the contract by returning all the corn, and then have maintained an action to recover back the money advanced; or might have maintained an action on the warranty.

ASSUMPSIT for money had and received. At the trial in the court of common pleas, before *Warren*, J. evidence was introduced, which tended to prove the following facts:

On the 21st of September 1841, the defendant was owner of the schooner Shylock, then lying in Boston, and of a cargo of corn on board of said schooner, and the plaintiff purchased the said cargo of the defendant, agreeing to pay 76½ cents per bushel for the yellow corn, and 73½ cents for the white corn ; the defendant warranting it to be of a certain quality. The quantity of corn was not known at that time, but it afterwards appeared that there were between 2000 and 3000 bushels. The plaintiff paid the defendant $ 1200 " on account of corn per schooner Shylock." The schooner was hauled to the plaintiff's wharf, and he began to discharge the cargo and place it in his store. He received enough thereof (about 1400 bushels) to amount, at the agreed price, to $ 1067·02, and refused to receive any more, on the ground that the corn which remained in the schooner, and which he refused to receive, was not such as the defendant warranted the cargo to be, but was of an inferior quality. He immediately gave notice to the defendant of his objection to receiving any more of the cargo, and requested the defendant to haul the schooner from the plaintiff's wharf.

This action was brought to recover the difference between the aforesaid sums of $ 1200 and $ 1067·02.

The defendant objected that this was an entire contract, and that the present action could not be maintained, without proof that the plaintiff offered to return the corn which he had accepted and received into his store.    The judge overruled this objection.

After much evidence had been introduced on the question whether the corn, which the plaintiff refused to receive, was or was not such as the defendant was bound to deliver, by the terms of his warranty, the judge instructed the jury, that if they were satisfied that the foregoing facts were proved, and that the plaintiff had taken from the schooner all the corn which was of a quality to satisfy the terms of the warranty, they should return a verdict for the plaintiff.    Such verdict was returned, and the plaintiff alleged exceptions to the said ruling and instruction of the judge.

*C. T. Russell*, for the defendant.    As the whole cargo was actually delivered to the plaintiff, there was an executed contract, and a complete and perfect sale.    *Macomber* v. *Parker*, 13 Pick. 175.    *Riddle* v. *Varnum*, 20 Pick. 280.    It was intended that the property in the corn should vest in the plaintiff, before it was measured ; as is shown by the payment of the $ 1200.    And where there is no intention of severance, delivery of part is a delivery of the whole.    *Damon* v. *Osborn*, 1 Pick. 476.    *Slubey* v. *Heyward*, 2 H. B. 504.    *Parks* v. *Hall*, 2 Pick. 213.    If the property in the whole cargo did not vest in the plaintiff, yet there was a valid contract of sale of the whole.

The contract was entire, and not legally capable of severance. *Waddington* v. *Oliver*, 2 New Rep. 61.    *Walker* v. *Dixon*, 2 Stark. R. 281.    These two cases were cited, and not overruled, in *Shipton* v. *Casson*, 5 Barn. & Cres. 378, and *Oxendale* v. *Wetherell*, 9 Barn. & Cres. 386, where it was only decided that if one party elects to sever, the other may do the same.    S. P. *Mavor* v. *Pyne*, 3 Bing. 285.    *Bowker* v. *Hoyt*, 18 Pick. 557.    So, in the case at bar, if there had been no payment, and the plaintiff had refused to receive all the corn, the defendant might have sued for the whole, or have elected, on the plaintiff's refusal to return what he had received, to sue

for that which he retained. But the defendant refused to give up the contract ; so that the cases in 5 and 9 Barn. & Cres. are not applicable.

The contract being entire, the plaintiff cannot maintain this action, as he did not return nor offer to return that part of the corn which he had received. Such contract must be rescinded *in toto*, or ratified. *Kimball* v. *Cunningham*, 4 Mass. 505. *Conner* v. *Henderson*, 15 Mass. 319. *Miner* v. *Bradley*, 22 Pick. 457. *Perley* v. *Balch*, 23 Pick. 286. *Coolidge* v. *Brigham*, 1 Met. 547. *Junkins* v. *Simpson*, 2 Shepley, 364. *Hunt* v. *Silk*, 5 East, 449. *Giles* v. *Edwards*, 7 T. R. 181. *Thornton* v. *Wynn*, 12 Wheat. 183. *Pulsifer* v. *Hotchkiss*, 12 Connect. 240. *Ayers* v. *Hewett*, 1 Appleton, 281. *Leggett* v. *Cooper*, 2 Stark. R. 103. *Burton* v. *Stewart*, 3 Wend. 236. *Voorhees* v. *Earl*, 2 Hill's (N. Y.) Rep. 288. *Stevens* v. *Cushing*, 1 N. Hamp. 17. 2 Kent Com. (3d ed.) 480. Long on Sales, (Rand's ed.) 242 – 245.

In *Harrington* v. *Stratton*, 22 Pick. 510, it was held that the bad quality of an article might be shown, in reduction of damages on a note given for the price thereof, to save the necessity of a cross action. That reason does not apply in this case, where the party, who alleges the defect, is himself plaintiff. The rule adopted in that case is applicable to cases where a defendant is sued for the price of goods, or for work performed ; Chit. Con. (5th Amer. ed.) 743 ; and the case merely decides that the party, as defendant, shall have the same remedies by set-off, that he might have by action, as plaintiff. See 22 Pick. 460.

Money paid in part fulfilment of a valid agreement cannot be recovered back, unless the agreement has been rescinded by mutual consent, or the plaintiff has a right to rescind it by reason of the defendant's failure to perform it on his part. *Appleton* v. *Chase*, 1 Appleton, 74. *Smith* v. *Haynes*, 9 Greenl. 128.

Where there is a warranty, on the sale of goods, without fraud, and no stipulation that the goods may be returned, the vendee cannot annul the contract. 4 Mass. 12 Wheat. and 2 Hill, *ubi sup*. *Street* v. *Blay*, 2 Barn. & Adolph. 456.

*G. T. Curtis,* for the plaintiff. The entirety of a contract of sale depends upon two things : Either, 1st, the consideration must be entire, so that one part of it cannot be applied to one part of the object for which it was given, and the other to another part ; or, 2d, the thing or things purchased must be incapable of separation, so as to admit a distinct apportionment of the consideration paid or agreed.

The contract now in question was not entire as to the whole of the corn. There were two kinds of corn, two different articles, at different prices. Where two articles are sold in one instrument of conveyance, but upon distinct considerations, and the title to one fails, an action for money had and received will lie to recover that portion of the purchase money which belongs, by the valuation in the contract, to that article. *Johnson* v. *Johnson,* 3 Bos. & Pul. 162. This doctrine is recognized in *Miner* v. *Bradley,* 22 Pick. 460 ; and analogous principles were applied in *Perkins* v. *Hart,* 11 Wheat. 237, and *Parish* v. *Stone,* 14 Pick. 198. See also *Planche* v. *Colburn.* 5 Car. & P. 58, and 8 Bing. 14.

There were not only two kinds of corn, at different prices, but there was a separate price for each bushel. A contract to buy a cargo of corn, of unknown quantity, with a warranty, at a certain price per bushel, is a contract to buy the separate bushels, and to give for each the stipulated price, provided each answers the warranty. See *Emmerson* v. *Heelis,* 2 Taunt. 38. If the cargo were bought for a gross sum, connected with the warranty, then, if part of it did not correspond to the warranty, the contract would be incapable of severance. Otherwise, where each smaller portion of the cargo is bought for a fixed sum.

The consideration was not entire, on the part of the vendor, either as to the whole cargo, or the two kinds of corn. If the title to one of the kinds had failed, the plaintiff might have retained the other. 3 Bos. & Pul. *ubi sup.* The case does not find that the sale of one of the kinds of corn was an inducement to the sale of the other.

It is a question to be determined on the whole transaction,

whether the parties intend an entire contract, when several articles, of separate price, are sold in one bill of parcels. *Baldey* v. *Parker*, 2 Barn. & Cres. 37. *Price* v. *Lew.* 1 Barn. & Cres. 156. Did these parties intend that if a single bushel of the corn should not conform to the warranty, the defendant might defeat the whole contract ?

The contract in question, taking all its terms together, was a *conditional* contract, of different parts or subjects. No particular words are necessary to express a condition in a contract of sale. If something is to be done before the property is to vest, it is a conditional sale, to become absolute when the thing is done. *Dresser Manuf. Co.* v. *Waterston*, 3 Met. 17. The warranty, in this case, and the price affixed to each bushel of the different kinds of corn, operated as a condition that the defendant should not be held to take any part of the cargo that should not be of the quality warranted. The bad corn, therefore, was never the subject of the contract ; the good corn being the only subject of sale. There were, in fact, several contracts. And when the condition failed as to one portion of the corn, the contract, as to that, was at an end ; and the defendant holds the plaintiff's money against conscience and without consideration. *Towers* v. *Barrett*, 1 T. R. 133. Long on Sales, (Rand's ed.) 239.

The rule, that when a contract is rescinded, each party must be put *in statu quo*, is applied only to *absolute* contracts concerning an indivisible subject matter, or to contracts where the sale of one part is the inducement to the sale of the other. 2 Hill's (N. Y.) Rep. 293. The principle of the rule is, that the rights of neither party shall be injuriously affected by the rescinding of a contract. *Hunt* v. *Silk*, 5 East, 452. No right of the defendant is injured here. He has in possession an article which, in fact, he never contracted to sell to the plaintiff, and it is now worth as much to him as it was before he made the conditional sale. It is not a case of failure of consideration, but of want of consideration. See *Parish* v. *Stone*, 14 Pick. 210.

The case of *Giles* v. *Edwards*, 7 T. R. 181, cited for the

plaintiff, differs from that at bar.    There the plaintiff was pre-
vented from doing something he was bound to do, by the neg-
lect of the defendant to do something that he was himself to do.
For this reason, it was held that the plaintiff had a right to put
an end to the whole contract, and to recover back his money.
The question did not arise, whether if, as to a part of the subject
of sale, both parties had completed the bargain, it would not
have been severed.

HUBBARD, J.    This case has been ably argued, and the au-
thorities well examined ; and the only difficulty is in the proper
application of well settled principles of law to the facts present-
ed for our consideration.    The plaintiff contends that there was
not an entire contract ; and if he is right in this position, his
conclusions will follow, and the action may be maintained.    His
ground is this ; that as the consideration paid by him can be
settled by the amount of corn delivered, and as the articles,
which were the subject of the contract, were capable of sever-
ance and apportionment, the contract is not entire ; that there
were two kinds of corn, differing in price, and each bushel sep-
arately priced ; that it was an agreement to buy an unknown
quantity at a given price, if each bushel of corn should answer
the warranty ; and that it was a sale of so much corn as corre-
sponded with the warranty, and no further — a provisional, not
an absolute contract — a provisional contract of different parts
and subjects, and became absolute only so far as it was com-
plied with.    And the scope of the argument is this ; that where
the subject of the contract is indivisible in its nature, or if con-
sisting of more than one article, and the consideration given for
the whole is agreed upon in such manner that it cannot be sep-
arated and apportioned upon the several articles, then, in either
of such cases, where the party seeks to relieve himself from the
contract, because the article or articles, or some of them, are
different from or inferior to those he contracted for, he must first
rescind the contract by a return of the articles received, or by a
tender of the same, before he can sustain an action to recover
back the consideration paid.    And the plaintiff admits that the
decided cases sustain these positions ; but he maintains that the

present case is not included within either of them, because the consideration paid by the vendee, and the things sold by the vendor, can be settled by the amount delivered ; there being, as he contends, not only two kinds of corn, varying in price, but also a separate contract for each distinct bushel. The plaintiff has cited, among other cases, those of *Johnson* v. *Johnson*, 3 Bos. & Pul. 162, and *Miner.* v. *Bradley*, 22 Pick. 457, as sustaining the views taken by him. In the first of these, a man bargained for two pieces of land, one valued at £700, and the other at £300, which were conveyed to him in one deed, for the consideration of £1000 ; the same having been sold for the benefit of certain legatees, and the proceeds divided amongst them. The title of one of the pieces proved defective, and he was evicted. He then brought an action for money had and received against one of the legatees, for his share of the purchase money of said piece. It was objected against the action, among other things, that the contract was entire, and that he could not recover without reconveying, or offering to reconvey, the other parcel ; that the contract could not be rescinded in part and be considered as still subsisting for the remainder. The court were at first inclined to treat the case as a proper subject of inquiry in a court of equity, and they said, " if the question were, how far the particular part, of which the title failed, formed an essential ingredient of the bargain, the grossest injustice would ensue, if a party were suffered in a court of law to say that he would retain all of which the title was good, and recover a proportionable part of the purchase money for the rest. Possibly the part which he retains might not have been sold, unless the other part had been taken at the same time ; and ought not to be valued in proportion to its extent, but according to the various circumstances connected with it. In this case, however, no such question arises ; for although both pieces of ground were bargained for at the same time, we must consider the bargain as consisting of two distinct contracts ; and that the one part was sold for £300, and the other for £700. It has not been suggested that they were necessary to the occupation of each other." It is obvious, therefore, that this case was not decided on the ground

that the consideration money can be apportioned, where the contract is entire ; but that the pieces of land, bargained for and included in one deed, were the subjects of two distinct and independent contracts.

The facts in the case of *Miner* v. *Bradley* were shortly these : The plaintiff bought at auction a cow, and 400 pounds of hay which was in a bay with other hay, for the gross sum of $17, which he paid for at the time, and took the cow. He afterwards demanded the hay, and the defendant refused to deliver it. The plaintiff then brought an action for money had and received, to recover back the price of the hay. But the court ruled, that the action could not be maintained, because the plaintiff had not rescinded the contract by returning the cow ; and they held that his only remedy was upon the special contract, for damages for the conversion of the hay. And the learned judge, who gave the opinion, went on to say — and upon this the plaintiff's counsel specially relies — " there may be cases where a legal contract of sale, covering several articles, may be severed, so that the purchaser may hold some of the articles purchased, and, not receiving others, may recover back the price paid for them. Where a number of articles are bought at the same time, and a separate price agreed upon for each, although they are all included in one instrument of conveyance, yet the contract, for sufficient cause, may be rescinded as to part and the price paid recovered back, and may be enforced as to the residue." It is, however, added to this — and which qualifies the whole proposition — " but this cannot properly be said to be an exception to the rule ; because in effect there is a separate contract for each separate article." And the judge then cited the case last mentioned (*Johnson* v. *Johnson*) as well explaining the subject.

While we fully approve these cases and feel that they support the plaintiff's position, so far as relates to contracts for different articles, where the consideration is divisible, or to cases where two distinct contracts are embraced in one settlement ; still we think they neither go the length nor do they support the doctrine that the contract is not entire merely because the several articles are sold by weight or measure, and the value is ascertained by

the price affixed to each pound, or yard, or foot of the quantities contracted for. On the other hand, we believe the legal principle, governing in such cases, does not depend, either solely or necessarily, on the nature of the articles which are the subject of the contract, or on the prices affixed to each, but upon the nature of the contract itself. If the contract is entire, if it is one bargain, then it matters not whether there is one or are many articles — and though each may have an appropriate price. In the one case, the vendor might have been unwilling to sell one portion without selling the whole ; in another, the buyer might be unwilling to take a part unless he could have the whole.

The question then, in the present case, resolves itself into this : Was there one bargain for the whole cargo, or were there two distinct contracts for the yellow and white corn, or was there a separate and independent bargain for each bushel of corn contracted for, in consequence of which the receipt of one or more bushels of the warranted quality imposed no duty upon the plaintiff to retain the residue ? And we are of opinion that the contract was an entire one. The bargain was not for 2000 or 3000 bushels of corn, but it was for the cargo of the schooner Shylock, be the quantity more or less ; a cargo known to consist of two different kinds of corn ; and the means taken to ascertain the amount to be paid were in the usual mode, by agreeing on the rate per bushel for the two kinds, and to take the whole. The schooner was hauled to the wharf of the plaintiff, and the cargo put under his control, and with all the possession that could be given before it was unladed. No further act was to be done by the vendor. No measurement of quantity was to precede the delivery. For the whole quantity was delivered, whether more or less, and the measure was needed only to ascertain the amount of the respective kinds, and thus to fix the sum to be paid. And in pursuance of this contract, $ 1200, on account of the entire cargo, was advanced to the defendant. No agreement was made that the party might reject, as it came from the vessel, such part as did not agree with the warranty, and pay only for what he actually retained ; but the bargain was for the whole cargo at an agreed rate per bushel. And although the plaintiff refused to

take the whole from the vessel, and in consequence the defendant was compelled, for the purpose of obtaining his vessel, either to receive a part back, or to unlade it himself for the plaintiff; yet in principle we consider the delivery the same to the plaintiff as though the whole had been unladed in bulk into his warehouse, and the measuring had taken place afterwards.   There is no ground, on the evidence as reported, to maintain that there were two contracts for the distinct kinds of corn; for it does not appear but that the 1400 bushels, that were retained, consisted of a part of each.   So that the plaintiff, to support his position, must contend, as he has contended, that the bargains in this case were separate bargains for each several bushel of a given quality, and for a distinct price.   But this separation into parts so minute, of a contract of this nature, can never be admitted; for it might lead to the multiplication of suits indefinitely, in giving a distinct right of action for every distinct portion.  As well might a man who sold a chest of tea by the pound, or a piece of cloth by the yard, or a piece of land by the foot or by the acre, contend that each pound, yard, foot or acre, was the subject of a distinct contract, and each the subject of a separate action.   The cases of *Waddington* v. *Oliver*, 2 New Rep. 61 ; *Leggett* v. *Cowper*, 2 Stark. R. 103 ; *Oxendale* v. *Wetherell*, 9 Barn. & Cres. 386 ; *Baldey* v. *Parker*, 2 Barn. & Cres. 37 ; *Shaw* v. *Badger*, 12 S. & R. 275 ; and *Bowker* v. *Hoyt*, 18 Pick. 555 ; support the view we take of this contract.

The plaintiff's redress was easy — either to rescind the contract by returning all the corn purchased and suing for the money advanced ; or by action upon his warranty, for the injury sustained by the delivery of an article inferior to that warranted.

Without more particularly considering, at this time, one of the points of defence relied on, and for which cases have been cited, (2 Hill, 288, and 2 Barn. & Adolph. 456,) that where there is a warranty without fraud, and no stipulation that the goods may be returned, the party cannot rescind the contract ; we think it sufficient to say, we are of opinion that the bargain between these parties was an entire contract for the purchase of the whole cargo, and that the plaintiff, not having rescinded it,

39 *

cannot maintain the present action for the portion of money, advanced by him on the whole, which exceeded in amount the value of that portion of the cargo actually retained by him.

The exceptions are therefore sustained, and the verdict set aside. A new trial is ordered, to be had at the bar of this court.